Arthur Lee Davis, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs November 21, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Arthur Lee Davis, Jr.,* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him, *Edward G. Biester,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 9, 1980:

Arthur Lee Davis, Jr., in his motion, treated as a petition for review, alleges that the Pennsylvania Board of Probation and Parole failed to hold a timely revocation hearing. Motions for summary judgment were filed and we now dismiss the motion of Davis and grant the Board's.

The undisputed material facts are as follows:

1. On September 28, 1977, Davis was arrested while under parole supervision on charges of burglary, criminal trespass, simple and aggravated assault.

2. On October 5, 1977, a criminal preliminary hearing was held and a prima facie case established. A parole violation warrant was filed based on the new charges.

3. On November 15, 1977, Davis was found guilty.

4. On November 29, 1977, the Board's agent was notified of the conviction.

5. On December 19, 1977, Davis was sentenced to a term of two to six years.

6. On December 21, 1977, Davis was received at Graterford.

7. On March 10, 1978, "Notice of charges and Hearing" was sent to Davis.

8. On March 30, 1978, Davis signed waiver of full Board hearing and was afforded a revocation hearing.

9. On May 1, 1978, Davis was recommitted as a convicted parole violator.

Davis argues that a final revocation hearing is mandatory within 120 days of his probable cause hearing. Davis overlooks Board regulations enacted pursuant to *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975), which provide applicable exceptions.

7 Pa. B. 490, now found at 37 Pa. Code §71.4(2), provides in pertinent part:

(2) The hearing shall be held within 120 days from the date the Board received official verification . . . of the guilty verdict . . . except . . .

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as . . . confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing . . in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility.

Davis was convicted November 15, 1977, and confined in a county correctional institution until his transfer to the State correctional facility and Board jurisdiction on December 21, 1977. His March 30, 1977, revocation hearing was therefore timely.

Accordingly, we

ORDER

AND Now, this 9th day of January, 1980, the motion for summary judgment filed by Arthur Lee Davis, Jr., is dismissed and the cross motion for summary judgment filed by the Pennsylvania Board of Probation and Parole is granted.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.